UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RONALD EUGENE JOHNSON,

    Plaintiff,

v.                                                       CASE NO. 8:23-cv-1110-SDM-CPT

PASCO COUNTY DETENTION CENTER.

    Defendant.
_____/

**ORDER**

Johnson applies for a writ of mandamus to compel production of "camera footage" from his solitary confinement during detention in the Pasco County Detention Center. Johnson represents that this evidence is needed to support his recently filed (and more recently dismissed without prejudice) civil rights action, 8:23-cv-1105-MSS-MRM. Johnson cannot proceed with this action for a writ of mandamus.

First, Johnson files this action for a writ of mandamus independent of his civil rights action. Rule 81(b), Federal Rules of Civil Procedure, abolishes any independent federal action for a writ of mandamus. Second, a district court lacks jurisdiction to issue a writ of mandamus to order a state agency, a state official, or other state entity to perform a duty. *Lamar v. 118th Judicial District Court of Texas*,

440 F.2d 383 (5th Cir. 1971).[1] *See also Campbell v. Gersten*, 394 F. App'x 654 (11th Cir. 2010)[2] ("The district court also lacked authority to issue a writ of mandamus to compel the state court and its officers to reinstate his motions to vacate and consider those motions on the merits.") (citing *Lamar*, 440 F.2d at 384); *Lawrence v. Miami-Dade County State Att'y Office*, 272 F. App'x 781, 781 (11th Cir. 2008) ("Because the only relief Lawrence sought was a writ of mandamus compelling action from state officials, not federal officials, the district court lacked jurisdiction to grant relief and did not err in dismissing the petition."); *Bailey v. Silberman*, 226 F. App'x 922, 924 (11th Cir. 2007) ("Federal courts have no jurisdiction to issue writs of mandamus directing a state court and its judicial officers in the performance of their duties where mandamus is the only relief sought.").

The application for a writ of mandamus (Doc. 1) is **DENIED**. The clerk must **CLOSE** this case.

ORDERED in Tampa, Florida, on May 31, 2023.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

---

[1] Unless later superseded by Eleventh Circuit precedent, a Fifth Circuit decision issued before October 1, 1981, binds this court. *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (*en banc*).

[2] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. Rule 36-2.